GANDÍA, PLAINTIFF AND APPELLEE, *v.* STUBBE, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of San Juan in an Action
for Nullity of Contract.

No. 2311.—Decided March 11, 1921.

CHANGE OF VENUE—DISQUALIFICATION OF JUDGE.—It is improper for a district
attorney to offer an accused to dismiss certain charges pending against him
for forgery on the condition that he compromise certain civil actions wherein
he has been sued on the same facts which originated the criminal charges;
but such conduct not showing necessarily the interest to which section 23
of the Code of Civil Procedure refers, the person who was the district at-
torney is not disqualified thereby from sitting as judge in the civil actions,
and it is not, therefore, a sufficient ground for the transfer of the action to
another court.

The facts are stated in the opinion.

*Mr. C. Coll Cuchí* for the appellant.

*Mr. José de Guzmán Benítez* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the action in which this appeal was taken by Johann
D. Stubbe from the refusal of the District Court of San
Juan, Section 1, to transfer the case to another district, the
same reasons were alleged to establish the disqualification
of Judge Campillo as were set up in another action between
the same parties, No. 2284 which was decided on appeal
yesterday. In the case now before us an affidavit of the
attorney for appellant Stubbe alleges the following addi-
tional facts: That during the trial of one of the criminal
prosecutions against Arturo Trías, a codefendant of Johann
D. Stubbe, wherein Campillo was acting as district attorney,
when the trial was half finished it was suspended and there-
upon, in the office of Judge Rossy, the said district attorney
offered to Stubbe's attorney to dismiss all of the criminal
prosecutions against Stubbe if he would compromise the suits
pending between him and Pedro Gandía Córdova, and that
Stubbe accepted the offer under a certain condition, but that

condition was not accepted by Gandía's attorney, who wanted his opponent to confess judgment in all of the civil cases, whereupon district attorney Campillo proceeded with the suspended trial; that Judge Campillo is personally earnestly interested not only in having Stubbe defeated in the civil actions, but also in his being convicted in the criminal cases, and that he has used his personal influence on many occasions in attempting to secure Stubbe's conviction.

Although this court is of the opinion that if it is true that district attorney Campillo offered Stubbe's attorney to dismiss the criminal actions for forgery prosecuted by him against Stubbe if Stubbe would compromise the civil actions pending between him and Gandía, this reveals conduct unbecoming to a district attorney; however, such conduct does not necessarily show that he has a personal interest against Stubbe, or that he in any manner coerced him to compromise the actions between him and Gandía, but merely that he was willing to dismiss the prosecutions if the actions involving the same facts were compromised. As to the other part of the affidavit, it states no fact which would lead to the conclusion of the affiant that Judge Campillo is personally interested in Stubbe's defeat in the said actions, for although it is alleged that on many occasions he used his personal influence to secure Stubbe's conviction, no acts of Campillo are specified from which it may be deduced that he actually used his personal influence to secure Stubbe's conviction.

In view of the foregoing this appeal must be governed by the principles laid down in the opinion of this court in appeal No. 2284, which was decided yesterday.

The order appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.